## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK HOBRATSCHK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 06-0118(RJL)** |
| | ) **(ECF)** |
| **LOUIS MOUNT, in his individual** | ) |
| **capacity** | ) |
| | ) |
| **WENDELL SHINGLER, in his individual** | ) |
| **and official capacity** | ) |
| | ) |
| **MARK MCCLELLAN, in his individual** | ) |
| **and official capacity** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

### FEDERAL DEFENDANTS' MOTION TO DISMISS

Now come the defendants, by and through their undersigned counsel, respectfully move

this Court, pursuant to Rules 12 (b)(1), 12(b)(2), 12 (b)(3) and 12(b)(6) of the Federal Rules of

Civil Procedure, for an order dismissing Plaintiff's claims in this action on the grounds that the

Court lacks jurisdiction over Plaintiff's claims, and all of Plaintiff's claims fail to state a claim

upon which relief can be granted. In support of this motion, defendants attaches in Memorandum

in support of the Motion to Dismiss.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 **Benton.Peterson@usdoj.gov**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARK HOBRATSCHK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 06-0118(RJL)** |
| | ) **(ECF)** |
| **LOUIS MOUNT, in his individual** | ) |
| **capacity** | ) |
| | ) |
| **WENDELL SHINGLER, in his individual** | ) |
| **and official capacity** | ) |
| | ) |
| **MARK MCCLELLAN, in his individual** | ) |
| **and official capacity** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants, Louis Mount, Wendell Shingler, and Mark McClellan,[1] by and through

undersigned  counsel hereby submits the following Memorandum in Support of Defendants'

Motion to Dismiss the Complaint.


**I. STATEMENT OF FACTS**

This action is brought by Mark Hobratschk ("plaintiff") against three defendants, Louis

Mount, a Lieutenant in the Federal Protective Service ("FPS"), Wendell Shingler, the Director of

the FPS, and Mark McClellan, the Director of the Centers for Medicare and Medicaid ("CMS").

This case arises from Plaintiff's criminal behavior at the Federal CMS complex on December 5,

_____

[1]The individually-named defendants appear to be sued in their personal capacity for
constitutional violations. This suit may  therefore be construed to be a Bivens action against each
of the defendants, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of
Narcotics</u>, 403 U.S. 388 (1971).

2001, for which he was tried and found guilty of three federal offenses. Plaintiff's actions caused the CMS to permanently ban plaintiff from access to CMS property. Plaintiff previously challenged the criminal convictions by appeal, and filed two civil complaints, one in the District Court for the District of Columbia, Case No. 1:02CV01877, and one in the District Court of Maryland, Case No. L-02-CV-2125.

After the decisions and orders were entered in those cases, ruling against the plaintiff, the plaintiff renewed his requests to CMS that CMS rescind the permanent ban entered against him. He left voice messages, sent emails, and faxes directed to various employees of the FPS maligning the character of Defendant Mount, and complaining of the ban. On January 10, 2005, a letter was sent to the plaintiff by certified mail, formally requesting that he cease and desist his harassment of Defendant Mount and the FPS. When the plaintiff continued to send further communications, criminal charges alleging harassment were filed against the plaintiff. Due to the discrepancies concerning the Plaintiff's receipt date of the letter and the date of the subsequent communication received by FPS and Defendant Mount, and also because of an error in the charging document, the criminal charges were dismissed.

## II. BACKGROUND INFORMATION

The CMS's large headquarters complex is located in Woodlawn, Maryland. CMS is a federal agency within the U.S. Department of Health and Human Services ("HHS"). Approximately 3200 federal employees and 1000 contractors are stationed at the CMS complex, comprising approximately one-third of all the employees of HHS. The mission of CMS is to administer the Medicare Program, and to work in partnership with the States to administer Medicaid and the State Children's Health Insurance Plan (SCHIP). Due to the personal health

care information effecting approximately 75 millions Americans being administered at the CMS

CMS, like the Pentagon, is classified as a **Level Four Security** Building.

Plaintiff was denied access to CMS because of his willful refusal to comply with the

security inspection and to obey the directions of the CMS security guards and FPS officer,

Defendant Louis Mount. Plaintiff was charged with criminal offenses that were brought as a

result of his conduct, and he was convicted after a bench trial.  The two civil lawsuits filed to

complain of the allegedly wrongful actions of the defendants involved in prosecuting the criminal

charges were consolidated into the case before the District Court of Maryland.  After being fully

briefed on the issues, in an Order and Memorandum entered by the Honorable Chief Judge

Benson Everett Legg on August 4, 2004, the Defendants' Motion for Summary Judgment was

granted and the Plaintiff's Motion for Summary Judgment was denied.

**III. THE PLEADINGS**

The "Complaint for Declaratory and Injunctive Relief" is drafted by the plaintiff to set

forth Plaintiff's personal opinions of Defendant Louis Mount and the Federal Protective Service.

Paragraphs 7 through 26, which are included in a section entitled "PARTIES," identify the

plaintiff as a resident of the state of Florida (par. 7), Defendant  Mount, as an employee of the

FPS (par. 9), Defendant Wendell Shingler, as the "Administrator" of the FPS (par.18), and

Defendant McClellan, as the "Administrator" for the CMS (par.23). There are two paragraphs

which state the locations of FPS and CMS are in Washington, D.C. (par. 19 and par. 24), and two

paragraphs that state that FPS is responsible for the conduct of its employees, (par. 20) and that

CMS is responsible for the conduct of its employees and that of "FPS officials operating on CMS

property" (par.25). The remaining statements included in these nineteen paragraphs are a

3

platform for the plaintiff to launch his vituperative attack against the defendants.

In the Section entitled "STATEMENT OF FACTS,"  plaintiff alleges that he was served a violation notice for "misuse of telephone," (par. 27) and that the charges were dismissed (par. 47). The remaining statements in paragraphs 27 through 49 are Plaintiff's conclusions concerning the criminal charges and the reasons for dismissal, as well as numerous opinions and conclusions that plaintiff wishes to express.  Paragraphs 50 through 73 are all an attempt by plaintiff to collaterally attack the previous judgments entered against him in the criminal case and the two civil lawsuits dismissed on summary judgment. Paragraphs 74 through 79 and paragraph 81 fail to allege anything involving the plaintiff or these defendants, and paragraph 80, although true, is not relevant to the purported subject matter of this case.

Plaintiff, in paragraphs 82 through 87, fails to plead the prerequisites to retaliatory prosecution, "COUNT ONE" (Malicious Prosecution)  and in paragraph 88 he is again collaterally attacking the previous decisions.   Paragraphs 89 through 94 are the opinions and conclusions of the plaintiff. "COUNT TWO," (Abuse of Process) paragraphs 95 through 98, fail to state a claim upon which any relief can be granted. "COUNT THREE," (Procedural and Substantial Due Process)  paragraphs 99 through 114, fail to state a claim upon which any relief can by granted and are another collateral attack on the previous judgments against the plaintiff. "COUNT FOUR,"( Equal Protection Clause) paragraphs 115 through 126, fail to state a claim upon which any relief can be granted and continue the collateral attack on the previous judgments against the plaintiff. "COUNT FIVE," (Administrative Procedure Act)[2] paragraphs

---

[2] A suit under the Administrative Procedure Act (APA, 5 U.S.C. § 701, et. seq.) is not pleaded in this case.  Plaintiff has sued individuals, not the United States government or any

127 through 133, continue the collateral attack and specifically disregard the opinion written by

Chief Judge Legg in ruling on the same allegations.

## IV. LEGAL ARGUMENT

The defendants move for dismissal under Rule 12(b)(1) as the Court lacks jurisdiction

over Plaintiff's claims; Rule 12(b)(2) as the Court lacks *in personam* jurisdiction over Federal

Defendants in their individual capacities; Rule 12(b)(3) as venue is improper, and Rule 12(b)(6)

as plaintiff fails to state any claim upon which relief can be granted. A motion to dismiss for

failure to state a claim serves to test the legal sufficiency of the complaint, and allows the court to

reject legal conclusions pleaded in the guise of factual allegations. *See, e.g., District 28, United*

*Mine Workers of America, Inc. v. Wellmore Coal Corp.,* 609 F.2nd 1083, 1085-86 (4th Cir. 1979);

*United States v. Azrael,* 765 F.Supp.1239, 1242 (D.MD 1991). Thus for purposes of a motion to

dismiss, a court takes as true the well-pleaded allegations of the complaint and draws all

reasonable inferences in favor of the non-moving party. *Thompson v. Capitol Police Board*, 120

F.Supp.2d 78, 81 (D.DC 2000); *Byrd v. Gate Petroleum Co.,* 845 F.2d 86, 87 (4th Cir. 1988). A

court, however, need not accept the truth of inferences or conclusion unsupported by allegations

of specific facts. *Rann v. Chao*, 154 F.Supp.2d 61, 64 (D.D.C. 2001) aff'd, 346 F.3d 192

(D.C.Cir 2003), *cert. denied*, 125 S.Ct.35 (Oct.4,2004).

A court should dismiss a complaint if the complaint is unsupported by specific factual

allegations sufficient to support a viable claim, and, as in this case, it appears beyond a doubt that

plaintiff can prove no set of facts that would entitle him to relief. *See Conley v. Gibson*, 355 U.S.

---

federal agency.  He also does not seek judicial review of any final agency action in this case.
Furthermore, a claim for money damages is not available under the APA.

41, 45-46 (9157); *see Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1117 (D.C.Cir. 2000). Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept the plaintiff's legal conclusions cast in the form of factual allegations. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994).

## A.  Venue Does Not Lie In This District Over Plaintiff's Bivens Claims

Venue is improper in this court because venue for cases brought against government officials in their individual capacities, or cases brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is governed by 28 U.S.C. 1391(b). *See Stafford v. Briggs,* 444 U.S. 527, 544 (1980); *Cameron v. Thornburg*, 983 F.2d 253, 257 (D.C.Cir.1993).  Section 1391(b) prescribes that a cause of action may be brought only in a judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found if there is no district in which the action may otherwise be brought.  28 U.S.C.1391(b). In this case, the Federal Defendants do not all reside in the District of Columbia, none of the events or omissions occurred in the District of Columbia, and there is a more appropriate district where this action may brought: the District Court of Maryland. The more recent criminal charges which were dismissed occurred in the Maryland District Court, and the continuing ban of the plaintiff from the CMS campus, relates to actions in Maryland, not the District of Columbia.

**B. The Court Does Not Have Jurisdiction over Defendants.**

This Court lacks in personam jurisdiction over defendants to the extent that plaintiff's complaint is construed as a Bivens claim against them.  It is the plaintiff who bears the burden of pleading the facts necessary to substantiate in personam jurisdiction in this court.  *See Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999); *Masterson-Cook v. Criss Brothers Iron Works, Inc.* 722 F.Supp. 810, 813 (D.D.C. 1989).  As explained by the U.S. Supreme Court in *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936):

> If [a plaintiff's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.  And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.

Plaintiff cannot meet his burden to establish such necessary facts.   In personam jurisdiction may be maintained by the United States District Court for the District of Columbia only if permitted by the "long arm" laws of the District of Columbia.  *Dove v. United States*, Civ.A.No. 86-0065-LFO, 1987 WL 18739, *1-2 (D.D.C. Oct. 9, 1987).  The District of Columbia exercises personal jurisdiction based upon the  D.C. Code's "long arm" statute at D.C. Code §13-423 which states in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's--
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

7

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

(5) having an interest in, using, or possessing real property in the District of Columbia;

(6) contracting to insure or act as surety . . .; or

(7) marital or parent and child relationship . . .

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

In the instant case, plaintiff does not establish proper in personam jurisdiction over defendants in the United States District Court for the District of Columbia under § 13-423. *See Dove*, Civ.A.No. 86-0065-LFO, 1987 WL 18739.  For example, plaintiff does not demonstrate that any Defendant  resides in the District of Columbia, that any Defendant transacts business within this jurisdiction, or that any Defendant maintains a place of business within this jurisdiction.  *See, e.g. Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. June 14, 2002).  Similarly, there is no act and injury alleged to have been accomplished within the District of Columbia by these defendants.  *See*, Compl.  The defendants lack of connection to this jurisdiction is simply insufficient under the DC Code's "long arm" statute to confer in personam jurisdiction in this court.  Accordingly, plaintiff's complaint against them should be dismissed.

## C.  Plaintiff's Tort Claims must Be Dismissed for Failure to Exhaust Administrative Remedies.

Certain conditions that must be met in order for a party to bring a FTCA suit against the United States.  Absent full compliance with these conditions, this Court lacks jurisdiction to

8

entertain tort claims against the United States. *GAF Corp. v. United States*, 818 F.2d 901, 904

and n.86 (D.C. Cir. 1987). One such condition is contained in 28 U.S.C. § 2675(a) which states:

> An action shall not be instituted upon a claim against the United States for
> damages for injury or loss of property or personal injury . . . caused by the
> negligent or wrongful act or omission of any employee of the Government while
> acting within the scope of his office or employment, unless the claimant shall
> have first presented the claim to the appropriate Federal agency and his claim
> shall have been finally denied by the agency . . . .

(emphasis added).

An administratively sufficient claim consists of both "(1) a written statement sufficiently

describing the injury to enable the agency to begin its investigation, and (2) a sum-certain

damages claim." *Verner v. U.S. Government*, 804 F.Supp. 381, 383 (D.D.C. 1992), citing *GAF*

*Corp*, 818 F.2d at 919; *accord Stokes v. U.S. Postal Service*, 937 F.Supp. 11, 15-16 (D.D.C.

1997) (Court concluded plaintiff had not presented a proper administrative claim pursuant to the

FTCA because she failed to include a sum certain in documents to support claim).

The courts have uniformly held that the filing of a claim pursuant to 28 U.S.C. § 2675(a)

is a jurisdictional prerequisite to filing an action pursuant to the FTCA. *See McNeil v. U.S.*, 508

U.S. 106, 111 (1993) ("The command that an 'action shall not be instituted . . . unless the

claimant shall have first presented the claim to the appropriate Federal agency and his claim shall

have been finally denied by the agency in writing and sent by certified or registered mail' is

unambiguous."); *GAF Corp.*, 818 F.2d at 919; *Bowden v. U.S.*, 106 F.3d 433 (D.C.Cir. 1997);

*Buss v. United States*, No. 96-5138, 1997 WL 195522, at *1 (D.C. Cir. March 5, 1997); *Simpkins*

*v. District of Columbia Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997); *Brug v. National Coalition for*

*Homeless*, 45 F.Supp.2d 33, 44 (D.D.C. 1999); *Johnson v. DiMario*, 14 F.Supp.2d 107, 111

9

(D.D.C. 1998); *Williams v. District of Columbia*, No.CIV.A. 95CV0936 (RMU), 1996 WL

422328 (D.D.C. July 19, 1996).  Moreover, a plaintiff cannot cure his jurisdictional defects by

exhausting administrative remedies after filing a federal complaint.  *McNeil*, 508 U.S. at 112

(1993).

Plaintiff, here, claims damages from intentional torts by the defendants.  Compl. at ¶ 3.

However, plaintiff  has not presented a proper administrative claim, see Ex. 1 (Declaration of

Alexandra Meighan), nor did plaintiff expressly plead exhaustion in his complaint.  *See* Compl.

(generally).  Accordingly, plaintiff's FTCA claims should be dismissed.

**D.  Plaintiff's Complaint Fails To State A Claim Upon Which Relief Could Be Granted**.

Plaintiff's complaint fails to articulate any additional cognizable constitutional or

statutory claims.  Plaintiff's complaint contains numerous allegations that constitute nothing

more than "bare conclusions of law" or "sweeping and unwarranted averments of fact," and

cannot be deemed admitted for purposes of this motion.  *Haynesworth v. Miller*, 820 F.2d 1245,

1254 (D.C. Cir. 1987) ("[a] plaintiff's bare conclusions of law, or sweeping and unwarranted

averments of fact, will not be deemed admitted for purposes of either" a motion to dismiss or a

motion for summary judgment).  Plaintiff's complaint mentions various conclusory claims of

"McCarthyist abuse of constitutional rights" by the 'government,' but he merely references

constitutional due process generally with no support for his claims.  *See* Compl. at 99-114.

Moreover, plaintiff fails to connect his claims to the defendants.  *See Monell v.*

*Department of Social Services*, 436 U.S. 658 (1978) (in order to state a cognizable claim, the

plaintiff must allege that each defendant personally participated in unconstitutional acts which

violated his rights); *Kennedy v. City of Cleveland*, 797 F.2d 297 (6th Cir. 1986), cert. denied sub

nom., *Hanton v. Kennedy*, 479 U.S. 1103 (1987) (in the absence of specific facts showing violations of clearly established law by each defendant, the complaint should dismissed); *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (complaints alleging constitutional violations must contain specific allegations establishing the personal involvement of each individual defendant).

In this case, plaintiff does not allege any basis for concluding  that any of the defendants personally participated in any acts that he claims violated his constitutional rights. Instead, plaintiff simply asserts the existence of a vague conspiracy and implies the participation of the defendants without any evidence of personal involvement of any of the individual defendants.

Because plaintiff cannot establish any cognizable constitutional violation, and because plaintiff fails to state a claim against any defendant in this case, all of plaintiff's additional constitutional claims must be dismissed.  Regardless,  to the extent that plaintiff were to assert any constitutional claim, there is no waiver of sovereign immunity for constitutional tort claims against a federal defendant in his or her official capacity, a federal agency, or against the United States itself.  *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994).

Finally, even addressing Plaintiff's broad conclusory allegations of "Macarthyist abuse" of constitutional rights by 'government,' plaintiff fails to uncover any claims upon which this Court could grant relief.  Compl. at 40.  Plaintiff's conclusory conspiracy allegations fail to meet any pleading standards under 42 U.S.C. § 1985, which require that a plaintiff allege: "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any

11

right or privilege of a citizen of the United States." *Graves v. U.S.*, 961 F. Supp, 314, 320

(D.D.C. 1997) (*citing Griffin v. Breckenridge*, 403 U.S. 88, 91 (1971)); *Hobson v. Wilson*, 737

F.2d 1, 14 (D.C. Cir. 1984) (stating that § 1985 applies only to tortious interferences with the

rights of others that is motivated by class-based invidiously discriminatory animus); *Jackson v.*

*Thornburg*, 702 F. Supp. 9, 12 and n.5 (D.D.C. 1988) (prisoners are not a suspect class entitled to

heightened scrutiny under an equal protection analysis).

Plaintiff has failed to establish that anyone at the Centers for Medicare and Medicaid

Services agreed to conspire against him based on his race or class or that there was ever an

agreement or "meeting of the minds." *Breckenridge*, 403 U.S. at 102. Plaintiff has failed to

allege that any action of which he complains was motivated by some class-based, invidiously

discriminatory animus. *United Bhd. of Carpenters and Joiners of Am. v. Scott*, 463 U.S. 825,

835 (1983) (holding that § 1985(3) requires allegation of some class-based, invidiously

discriminatory animus behind conspirators' actions). In fact, nothing in the complaint can

support a claim that any action was taken against plaintiff because of his status as a member of

any protected class. Because plaintiff cannot merely allege that government officials acted with

an unconstitutional motive in order to support his conspiracy claims, plaintiff's claims must be

dismissed. *Martin v. Malhoyt*, 830 F.2d 237, 258 (D.C. Cir. 1987)(unsupported allegations

"which fail to specify in detail the factual basis necessary to enable [the defendants] to

intelligently prepare their defense, will not suffice to sustain a claim of government conspiracy to

deprive [plaintiff] of [his] constitutional rights."); *Hobson v. Wilson*, 737 F.2d at 29 (requiring

nonconclusory evidence for a § 1985 claim).

Plaintiff's Equal Protection claim must also fail. To state an equal protection claim, the plaintiff must identify a law, regulation or policy that illegitimately singles him out for disparate treatment. *See Gillet v. King*, 132 F.3d 1481, 1997 WL 702536 *4 (D.C. Cir. 1997). Plaintiff fails to do so. The essence of an equal protection claim is that similarly situated people are treated differently. *See Tucker v. Branker*, 142 F.3d 1294, 1301 (D.C. Cir. 1998); *Women Prisoners of the District of Columbia Department of Corrections v. District of Columbia*, 93 F.3d 910, 924 (D.C. Cir. 1996), *cert denied*, 520 U.S. 1196 (1997). "Without allegations of individuously dissimilar treatment there is no basis for an equal protection claim." *Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988), *citing Peck v. Hoff*, 660 F.2d 371, 373 (8th Cir. 1981).

As an initial matter, plaintiff fails to identify a law, regulation or policy that illegitimately singles him out. Additionally, plaintiff fails to allege how he has been treated differently from similarly situated people with respect to their allegations in the Complaint. His equal protection claim consists solely of the allegation that employees of CMS, unconnected with the instant matter, who were also banned from CMS facilities were later allowed back on the premises after prevailing before the appropriate judicial body on the merits of their respective cases. Complaint at ¶ 118-125. Plaintiff's case is substantially different from the unrelated cases he cites in that plaintiff has never prevailed before an appropriate judicial body. Plaintiff essentially argues that despite losing every appeal he should nonetheless be treated as if he prevailed on the merits of his case. Accordingly, there is no basis to conclude that the plaintiff was treated dissimilarly. Thus, having failed to state an equal protection claim, defendants' motion should be granted.

13

**E. The Individually-named Defendants Are Entitled to Qualified Immunity.**

All individually-named defendants are entitled to qualified immunity for their actions

pursuant to *Anderson v. Creighton*, 483 U.S. 635 (1987); *Davis v. Scherer*, 468 U.S. 183, 191

(1984), and *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982).[3]  Qualified immunity is not merely

a defense to liability, it is also an immunity from suit.  *Mitchell*, 472 U.S. at 526.  It protects

government officials from not only adverse judgments, but also discovery, trial, and other

burdens of protracted litigation.  *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996).  Claims of

qualified immunity require a two-step analysis.  First, the acts allegedly committed must be

shown to be a constitutional violation .  *Harris v. D.C.*, 932 F.2d 10, 13 (D.C. Cir. 1991).  Then,

the Court must consider wether the right was clearly established at the time the acts are alleged to

have been committed.  *See Butera v. D.C.*, 235 F.3d 637, 652 (D.C. Cir. 2001).   In *Harlow v.*

*Fitzgerald*, the Supreme Court held that government officials are shielded from liability for civil

damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known.  457 U.S. at 818; *see also Hunter v.*

*District of Columbia*, 943 F.2d 69, 75 (1991).   *Harlow* thus places squarely on the plaintiff the

burden of showing a "prima facie case of defendants' knowledge of impropriety, actual or

constructive."  *Krohn v. United States*, 742 F.2d 24, 31-32 (1st Cir. 1984); *see also Davis v.*

*Scherer*, 468 U.S. 183, 191 (1984).  While the qualified immunity inquiry looks to what a

reasonable federal official should have known, the Court should not engage in an inquiry into the

---

[3]A ruling on the defense of qualified immunity should be made early in the proceedings
so that the costs and expenses of trial are avoided where the defense is dispositive.  *Saucier v.*
*Katz*, 533  U.S. 194, 200-201 (2001). Because the immunity question is distinguishable from
questions on the merits, immunity can be decided on the basis of the allegations of the complaint.
*Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985).

actual state of mind of the individual defendants.  *Harlow*, 457 U.S. at 818; *McSurely v. McClellan*, 697 F.2d 309, 316 (D.C. Cir. 1982).  Subjective inquiries are legally irrelevant.  The only inquiry of any importance is whether defendants' alleged actions violated clearly established law or were objectively reasonable.  *Brogsdale v. Barry*, 926 F.2d 1184, 1189 (D.C. Cir. 1991).

As to the "clearly established" inquiry, the individual defendants need not demonstrate that "the law was established in [their] favor at the time [they] acted."  Rather, "[i]t is only necessary for [defendants] to show that the law was unsettled . . . not . . . that a Supreme Court opinion had specifically approved their actions."  *Zweibon v. Mitchell*, 720 F.2d 162, 173-74 n.19 (D.C.Cir. 1983), cert. denied, 469 U.S. 880 (1984), reh. denied, 469 U.S. 1068 (1984); *accord Brogsdale v. Barry*, 926 F.2d at 1188- 1192. "The contours of the rights the official is alleged to have violated must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right."  Of course, if the Court finds that the plaintiff has not alleged the violation of a constitutional right at all, the Court can and should dismiss the action on those grounds, and need not reach the issue of whether such a right was "clearly established."  *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the Defendant acted is the determination of whether the plaintiff has asserted the violation of a constitutional right at all.").  *Anderson v. Creighton*, 483 U.S. 635, 637 (1987); *accord Hunter v. District of Columbia*, 943 F.2d at 75-78; *Brogsdale v. Barry*, 926 F.2d at 1189; *Martin v. Malhoyt*, 830 F.2d 237, 253 (D.C. Cir. 1987).

15

If the allegations could make out a constitutional violation, the court must ask whether the right was clearly established, that is, whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

Here, plaintiff's claims fail at the first step of this qualified immunity analysis. Assuming for purposes of this motion that all of plaintiff's factual allegations are true, plaintiff has not shown that the individually-named defendants violated his constitutional rights. Indeed, the allegations in his complaint contain no allegations that can establish that the named defendants engaged in improper activity in this case. Pl.'s Compl.(generally). The named defendants simply reacted to what they reasonably viewed as a threat and harassment. Moreover, the reasonableness of defendants' judgments concerning the actions of the plaintiff were substantially re-affirmed by two Courts, the District Court of Maryland, Case No. L-02-CV-2125 and the District Court for the District of Columbia, Case No. 1:02CV01877 who both ruled against plaintiff's claims of illegal activity on the part of the defendants. Further, even if plaintiff had shown a constitutional violation, he would need to demonstrate that the right was "clearly established," specifically, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he was doing violates that right." *Anderson v. Creighton*, 483 U.S. at 640; *accord Harris v. District of Columbia*, 932 F 2d at 10, 13 (D.C. Cir. 1991). Plaintiff's complaint states no specific violation of a constitutional right, let alone a "clearly established" one.

Plaintiff appears to complain that his constitutional due process and equal protection rights were violated through the operation of a retaliatory prosecution. The United States Supreme Court recently held that a *Bivens* plaintiff alleging retaliatory prosecution in a federal

civil suit involving federal agents must plead and prove an absence of probable cause. *Hartman v. Moore*, --- U.S. ----, 126 S.Ct. 1695 (2006). The Court offered two main rationales for its holding: the issue of probable cause will likely be relevant in "any retaliatory-prosecution case," *Id*. at 1704, and "the requisite causation between the defendant's retaliatory animus and the plaintiff's injury is usually more complex than it is in other retaliation cases," *Id*. As to the former, the Court explained that retaliatory-prosecution cases are unique in that "there will always be a distinct body of highly valuable circumstantial evidence available and apt to prove or disprove retaliatory causation, namely evidence showing whether there was or was not probable cause to bring the criminal charge." Id.

The Court continued, stating that there was a presumption of "prosecutorial regularity" and that, "[b]ecause showing an absence of probable cause will have high probative force, and can be made mandatory with little or no added cost, it makes sense to require such a showing as an element of a plaintiff's case, and we hold that it must be pleaded and proven." *Id*. at 1707.

The retaliatory prosecution allegation and proof of an absence of probable cause is necessary to bridge the gap between the retaliatory agent's animus and the action taken by the prosecutor.

Retaliatory prosecution is a violation of clearly established law. *Moore v. Valder*, 65 F.3d 189,196 (D.C. Cir. 1996). However, the defendants' actions can not be construed as violating plaintiff's rights in this regard because the prosecution was based on clear probable cause. As mentioned above, as a result of an incident at the guard's gate at the CMS site plaintiff was charged with three Class C misdemeanors and barred from the entering the complex again. Compl. ¶50-55. After failed attempts to reverse the ban, plaintiff began sending multiple letters,

emails, faxes, and voice messages to various employees of the CMS maligning the character of

Defendant Mount and complaining about the ban.  Compl. ¶ 32-43.  A letter was sent to the

plaintiff formally requesting he cease and desist the harassment.  *Id.*  CMS officials filed charges

against plaintiff <u>only after</u> they had received yet another communication constituting what was

perceived as harassment. *Id.*  However, unbeknownst to the defendants, plaintiff had yet to

receive the certified cease and desist  letter. *Id.* at ¶ 36.

  As such, the prosecution was based on a reasonable belief that plaintiff had violated a

the cease and desist letter sent to his last known address.  *Id.* at 37.  The fact that the cease and

desist letter may not have been received does not make the action retaliatory.  Even if probable

cause is lacking, due to mistake,  if the facts supporting the law enforcement action are

objectively reasonable then belief that probable cause existed will entitle one to immunity.

*Wardlaw,* 1 F.3d 1297 at 1305.

Here, the belief that the harassment from plaintiff was continuing despite the cease and

desist letter was an objectively reasonable belief.  As such, plaintiff can not establish that actions

taken by defendants were lacking probable cause.[4]

---

    [4] *See Hartman v. Moore*, 126 S. Ct. at 1703-1704 ("It is clear, moreover, that the causation is understood to be but-for causation, without which the adverse action would not have been taken; we say that upon a prima facie showing of retaliatory harm, the burden shifts to the defendant official to demonstrate that even without the impetus to retaliate he would have taken the action complained of (such as firing the employee). If there is a finding that retaliation was not the but-for cause of the discharge, the claim fails for lack of causal connection between unconstitutional motive and resulting harm, despite proof of some retaliatory animus in the official's mind.") (internal citations omitted).

18

**F. Plaintiff's Claims should be dismissed under the doctrine of Res Judicata**

Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a subsequent suit involving the same parties or their privies based on the same cause of action. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Drake v. F.A.A.*, 291 F.3d 59, 66 (D.C. Cir. 2002); *United States v. Mendoza*, 464 U.S. 154, 158 (1984); *Milton S. Kronheim & Co. v. District of Columbia*, 91 F.3d 193, 197 (D.C. Cir. 1996); *American Employers Ins. Co. v. American Security Bank*, 747 F.2d 1493, 1498 (D.C. Cir. 1984).   "Res judicata concludes not only issues decided but also those which could have been raised and decided in the earlier proceeding." *National Savings & Trust Co. v. Rosendorf*, 559 F.2d 837, 840 n. 26 (D.C. Cir. 1977).   Application of the doctrine serves to relieve parties of the burdens attending multiple lawsuits; conserves judicial resources; minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent decisions; and provides finality in the resolution of disputes. *United States v. Mendoza*, 464 U.S. 154, 104, (1984); *Cutler v. Hayes*, 549 F. Supp. at 1343; *see Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).   Res judicata applies to bar a subsequent action when there exists: (1) an identity of the parties in both suits; (2) an identity of the cause of action in both suits; and (3) a final judgment on the merits (4) rendered by a court of competent jurisdiction. *American Forest Res. Council v. Shea*, 172 F. Supp. 2d 24, 29 (D.D.C. 2001).

Plaintiff claims that the violation of his procedural and substantive constitutional due process rights  and of equal protection have already been litigated.  As described above plaintiff was charged with three Class C misdemeanors, found guilty and barred from the entering the complex again.  In both criminal and civil litigation brought by plaintiff  issues surrounding the incident were litigated and appealed by plaintiff.  The court has already specifically found that

19

plaintiff "does not have ready enforceable right to be on the CMS campus because CMS is not a public Forum" (Citations omitted). Furthermore his claims in the civil suit were dismissed on summary judgment.

As a result of both the prior criminal and civil suits Counts Three and Four of this complaint are barred. Each requirement is present here. The parties involved are identical, the cause of action for instant case is the incident on December 5, 2001 which has already been litigated, a final judgment on the merits was reached when summary judgement was found for the plaintiff and the Maryland district court was the proper venue.[5] Plaintiff can not re-litigate the same issue because he remains unhappy with the result of the first suit. Plaintiff was given both procedural and substantive due process and there was no violation of equal protection because court ruled against plaintiff concerning the merits of incident .

**VI. CONCLUSION**

For the foregoing reasons, plaintiff's complaint should be dismissed and judgment entered in favor of the defendants.

---

[5]The Court may properly take judicial notice of plaintiff's pleadings in prior litigation and orders in his various other cases without converting this motion to dismiss into a summary judgment motion. *See, e.g., Baker v. Henderson*, 150 F. Supp.2d 17, 19 n.1 (D.D.C. 2001) ("[i]n determining whether a complaint fails to state a claim, the court may . . . take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment."); *Himmelman v. MCI Communications,*104 F. Supp. 2d 1, 3 (D.D.C. 2000) ("The court may consider [on a motion to dismiss] the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record.")

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____/s/_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney


_____/s/_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 **Benton.Peterson@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on this day of  July 27, 2006, I caused the foregoing to be served on pro

se plaintiff, postage prepaid, addressed as follows:


MARK HOBRATSCHK
2360A Newburg Lang
Safety Harbor, FL 34695


_____

BENTON G. PETERSON,

Assistant United States Attorney