UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK HOBRATSCHK, )<br> Plaintiff, )<br> )<br> v. )<br> )<br>UNITED STATES OF AMERICA, et al., )<br> Defendants. )<br>_____) | Civil Action No. 06-0118-(RJL)<br>(ECF) |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION

Now come the defendants, by and through their undersigned counsel, in response to the Plaintiff's Reply to Federal Defendant's Motion to Dismiss, state the following:

I. **ARGUMENT**

In their Opening Memorandum, Defendants established that this case should be dismissed in its entirety under Federal Rule of Civil Procedure 12 (b)(1), 12(b)(2), 12 (b)(3) and 12(b)(6). Specifically, Defendants demonstrated that Plaintiff's claim against Defendants in their individual capacity under a *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) (*Bivens*) theory of liability fails under Rule 12(b)(2) for lack of personal jurisdiction over Defendants, who do not reside, work or transact business in Washington, D.C., and are not alleged to have caused any tortious

1

injury here, *see* Def. Mem. at 8-11; under Rule 12(b)(3) for lack of venue, because Defendants do not reside here, and none of the alleged acts from which the claim arises is alleged to have occurred here, and because the action could have been brought in federal judicial district of Maryland but was not, *id.* at 11-13; and, finally, under Rule 12(b)(6), because Defendants are protected from Plaintiffs' *Bivens* claim by the doctrine of qualified immunity, *id.* at 13-18. Defendants showed that Plaintiffs' *Bivens* claim against Defendants in their official capacity fails for lack of subject matter jurisdiction because a claim against an official in his official capacity is really one against the United States as opposed to the individual; and because the United States has not waived sovereign immunity for a money damages claim for an alleged violation of constitutional rights, a legal defect that requires dismissal under Rule 12(b)(1). *See* Def. Mem at 11-14. Finally, Defendants demonstrated that Plaintiff's common law tort claims against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 *et seq.,* ("FTCA") are subject to dismissal under Rule 12(b)(3) for improper venue, and under 12(b)(6) for failure to exhaust. *See* Def. Mem. at *9-10.*

    In response, Plaintiff fails to refute certain of these arguments altogether; purports to refute others but with no legal support; and urges the Court to transfer the case to the United States District Court in Maryland, once again without citing any authority. For the reasons discussed below, Defendants

respectfully submit that transfer is not "in the interest of justice," as Defendants have demonstrated that they are immune from Plaintiff's individual and official claims against them altogether, and should not be required to remain subject to the demands of this litigation. *See* 28 U.S.C. § 1631; see also, *Behrens v. Pelletier,* 516 U.S. 299, 306 (1996) (qualified immunity is an "entitlement not to stand trial or face the other burdens of litigation").

Moreover, the FTCA claims against the United States would be as subject to dismissal in Maryland as they are here. Additionally, whether the suit is pending here or in Maryland, the *Bivens* claims asserted by Plaintiff against Defendants in their official capacities lack subject matter jurisdiction, and require dismissal.

This Court should rule that (a) it lacks subject matter jurisdiction over Plaintiff's claims against Defendants in their official capacity; (b) it lacks personal jurisdiction over Defendants; (c) even if the Court had such jurisdiction, venue would be improper as to Plaintiff's claims against both Defendants and the United States; (d) even if failure of personal jurisdiction and venue were not dispositive, Defendants would be protected from this litigation by the doctrine of qualified immunity; and (e) the Court does not have jurisdiction over Plaintiff's FTCA claims against the United States because of his admitted failure to exhaust those claims.

**A. Plaintiff Has Failed to Refute the Clear Jurisdictional Grounds for**

**Dismissal of All Claims Against Defendants in their individual capacities.**

1. Plaintiff Has Failed to Allege or Establish Any Basis for this Court's Assertion of Personal Jurisdiction over Defendants

Defendants established in their Opening Memorandum that a federal court may exercise personal jurisdiction over a nonresident defendant only when authorized by rule or statute, such as the forum state's long-arm statute, and that the reach of such jurisdiction is subject to the limitations of the due process clause. Def. Mem. at 7-8. Plaintiff does not dispute that his claims asserted on an individual and official basis against Defendants require him to plead facts establishing that the Court has personal jurisdiction over Defendants and that *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. June 14, 2002) cited in Def. Mem. at 8, enunciates the governing requirements for personal jurisdiction here: the defendant must maintain a residence or principal place of business in the District of Columbia or meet the requirements of the District of Columbia long-arm statute, D.C. Code 13-423(a)(1)-(4), which requires, as to the instant action, that "both the act and the effect, or injury, must take place in the District," *Mandelkorn v. Patrick, 359 F. Supp. 692, 695* (D.D.C. 1973), Def. Mem. at 8.

Instead, the Plaintiff states in response to the Defendants' Motion to Dismiss "the actions were all taken or authorized by Federal agency officials in Washington, D.C," yet he fails to state what actions, if any, were in fact taken by anyone in Washington, D.C. On the other hand, it is undisputed that the

charge of misuse of telephone was filed in the District Court of Maryland, the actions of writing the letter to request that the Plaintiff stop sending vituperative facsimile transmissions to the offices of the Defendants were completed in Maryland, that the citation was prepared in Maryland and that the ban continues for the CMS facility in Maryland.

Plaintiff cannot allege any facts that indicate any "authorization" by Federal agency officials in Washington D.C. actually occurred or was necessary to perform the complained of actions. Accordingly, Plaintiff's suggestion that Defendants are not contesting jurisdiction and venue is a blatantly inaccurate and quite confusing conclusion in light of Defendants' Memorandum which explicitly challenged the jurisdiction and venue of this Court. Def. Mem. at 7-8.

Furthermore, Plaintiff does not dispute - or suggest that he needs discovery to dispute- the facts set out in Defendants' motion stating that no Defendant lives or works in the District of Columbia, does not own property here, and has no commercial connection to the District of Columbia. As a result, Plaintiff fails to establish even a colorable basis upon which this Court could exercise personal jurisdiction over Defendants. As mentioned above, Plaintiff simply implies that because Defendants are employed by the federal agency headquartered in Washington, DC and because they may have sought authorization from headquarters "for many actions in this matter" that this communication with superiors in Washington D.C. invokes the Court's jurisdiction. Pl. Opp. at 30.

Under Plaintiff's theory of personal jurisdiction, then, this Court could exercise personal jurisdiction over each and every Federal employee in the nation that reports to Superiors in Washington D.C.  Indeed, if the act of simply communicating with an entity headquartered in the Washington, D.C. could be equated with transacting business here, then surely any Federal employee making a phone call to a headquartered entity in Washington D.C. would be considered to have transacted business here.  Private citizens seeking authorization from federal agencies headquartered in Washington, D.C. would be subject to this Court's personal jurisdiction as well. Notwithstanding the currently ample caseload of our judicial district, the docket would likely swell to unprecedented proportions.  And all in obvious violation of the due process clause as construed in *World-Wide Volkswagen Corp. v. Woodson, 444* U.S. 286, 292 (1980) and *International Shoe Co. v. Washington,* 326 U.S. 310, 316 *(1945). See also Kronisch v. United States,* 150 F.3d 112, 131 (2d Cir. 1998); *Simon v. United States,* 644 F.2d 490, 499 (5th Cir. 1981). *See* Def. Mem. at 8-9.

> 2.  Plaintiff Has Failed to Allege or Establish Any Basis for a Finding that Venue Is Proper in this Judicial District as to Plaintiff's Claim Against Defendants in their Individual Capacity

In their Opening Memorandum at 6-7, Defendants demonstrated that Plaintiff's claim against Defendants in their individual capacity fails to satisfy the requirements of 28 U.S.C. § 1391(b), the statute governing venue for

that claim, and that the claim must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3). Plaintiff has failed to effectively address altogether this legal deficiency in his claim against Defendants. *See generally* Opposition.

Apparently conceding the point, Plaintiff argues instead that this case should be transferred to Maryland. Opp.at 30. However, for the reasons set forth in Defendants' Opening Memorandum and above, this Court should dismiss Plaintiffs' claims against Defendants based on improper venue. Moreover, the Court should refrain from transferring the claim to Maryland because it is not "in the interest of justice," to do so. *See*, 28 U.S.C. §1631. As discussed in Defendants' Opening Memorandum, Defendants are immune from Plaintiff's individual claims against them altogether, and should not be required to remain subject to the demands of this litigation.

### 3. Plaintiff's Tort Claims Must Be Dismissed for Lack of Subject Matter Jurisdiction.

Plaintiff implies that he was not allowed to exhaust his administrative remedies because "CMS refused to provide any opportunity for appeal." Pl. Opp at 24. Lee v. Dunbar, 37 A.2d 178, 180 (D.C.1944). This naked allegation however, misplaces the applicable burden with respect to a motion to dismiss under Rule 12(b)(1). Once jurisdiction is challenged, the Plaintiff bears the burden of establishing that the Court has jurisdiction. *District of Columbia Retirement Bd. v. United States*, 657 F. Supp. 428, 431 (D.D.C. 1987). The government is not required to prove a negative; instead,

Plaintiff is required to adduce evidence that he "[has] first presented the claim to the agency and [the] claim [has] been finally denied by the agency in writing."  28 U.S.C . §2675(a); *see also* 16 C.F.R. § 0.5 (directing individuals with questions about making FTCA claims to contact FTC General Counsel)**.**  Plaintiff has offered no written record evidence, only general speculations on matters that he appears to contend the government should have addressed.  Pl. Opp. at 24.

The record here contains no evidence - nor is there any - that Plaintiff made an administrative claim for monetary damages or that the agency denied the claim.  The requirement for administrative exhaustion is jurisdictional and cannot be waived.  *Hohri v. United States*, 782 F.2d 227, 245-46 (D.C. Cir. 1986), reh'g denied, 793 F.2d 304 (D.C. Cir. 1987), rev'd on other grounds sub nom., *United States v. Hohri*, 482 U.S. 64 (1987).  An action cannot be maintained under the FTCA where the complaint is filed before such an administrative claim is finally denied six months have passed.  *See* 28 U.S.C.  2401(b).  Accordingly, Plaintiff's failure to comply with the FTCA's administrative claim requirements mandates dismissal of his claims.  *See* Defendants' Motion to Dismiss, Exhibit 1; *Gaf Corp. v. United States*, 818 F.2d 901, 919 (D.,C. Cir. 1987); *Stokes v. United States Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996).

### B. Plaintiff Has Failed to Allege the Violation of a Constitutional Right, Much Less a Clearly-Established One

s the Defendants' Motion to Dismiss, the Plaintiff reiterated

some of the facts set forth in his complaint, which, if taken as the Plaintiff has stated them, continue to fail to meet the elements for malicious prosecution. This section of Plaintiff's complaint is directed against Defendants Shingler and Mount, neither of whom signed the telephone harassment complaint against the Plaintiff requesting that the Plaintiff cease and desist his efforts to harass Federal Protective Service Lieutenant Louis Mount by sending facsimile transmissions. Whether or not the charge against the Plaintiff was subsequently dismissed, is not the standard for determining if it was filed maliciously. See Def. Mem. at 14-18.

The Plaintiff concludes, as if he has cited the elements of malicious prosecution, "[p]robable cause can never attach to criminal acts by Federal officials." Pl. Opp. at 11. This statement overlooks the Supreme Court decision in the recent case of *Hartman v. Moore* --- U.S. --- 126 S.Ct. 1695 (2006), wherein it is required that a Plaintiff plead facts that will prove an absence of probable cause.[1] Merely stating that the Defendants did not have probable cause does not establish that the charges of telephone harassment were maliciously filed against the Plaintiff. To simply state legal premises or conclusions does not resolve the problem for the Plaintiff of establishing what criminal acts, or non-actions, are alleged to have been taken by Defendants Shingler and Mount.

---

[1] In the instant matter, the facts are essentially stipulated: charges were issued against the Plaintiff because of a reasonable belief that he had violated cease and desist Order.

In fact, the only argument that Plaintiff sets forth to support the viability of his *Bivens* claim is senseless and dispositive against him. He claims that Defendants were not acting under color of federal authority when they allegedly committed the acts that are the subject of the constitutional claim against him. See Pl. Opp. at 11. Critical to a successful *Bivens* claim are allegations of fact showing that the defendant acted "under color of [federal] authority" in the course of the alleged constitutional violations. *Browning v. Clinton*, 292 F.3d 235, 250 (D.C. Cir. 2002) (citing *Bivens*, 403 U.S. at 389). Plaintiff has thus conceded away his constitutional claim against Defendants and those claims should thus be dismissed as a matter of law.

With reference to civil actions, probable cause has been said to be such reason supported by facts and circumstances as will warrant a cautious man in the belief that his action and the means taken in prosecuting it are legally just and proper. Probable cause depends not on the actual 'state of the case' as Plaintiff continues to believe, but upon the honest belief of the person instituting it. It may flow from a belief that turns out to be unfounded as long as it is not unreasonable. The only inquiry of any importance is whether defendants' alleged actions violated clearly established law or were objectively reasonable. *Brogsdale v. Barry*, 926 F.2d 1184, 1189 (D.C. Cir. 1991).

In this case, the fact that Plaintiff has not alleged any facts that would contradict that Defendants reasonably believed that in the normal course of business Plaintiff would have received the certified "cease and desist" letter is

itself evidence that there was a reasonable basis for concluding Plaintiff was in direct violation of a law enforcement directive.  Even assuming the Plaintiff did not actually receive the cease and desist letter at the time does not change the reasonableness of Defendants' action at the time. *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982).

Accordingly, the fact that the charge was dismissed has little or no bearing on the reasonableness of the actions at the time or the fact that the Plaintiff has failed to allege that any of the Defendants acted in any way to cause the citation to be filed. See Complaint *generally*.  Therefore the Plaintiff has failed to meet his burden of pleading sufficient facts against the Defendants for the causes of actions of malicious prosecution or abuse of process, Counts 1 and 2, to withstand the Motion to Dismiss.

### C. Plaintiff Has Failed to Refute the Grounds for Dismissal based on Doctrine of Res Judicata and Collateral Estoppel

Plaintiff has also failed to address the concepts of collateral estoppel and *res judicata*.  Under the related doctrines of res judicata and collateral estoppel, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been finally decided; and once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first action. *Bailey v. DiMario*, 925 F. Supp. 801, (D.D.C. 1995); *Jack Faucett Associates, Inc. v. American Telephone and*

*Telegraph Company*, 566 F. Supp. 296, 299 (D.D.C. 1983); *Cutler v. Hayes*, 549 F. Supp. 1341, 1343 (D.D.C. 1983).

Application of the doctrine of collateral estoppel "represents a decision that the needs of judicial finality and efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal." *Nasem v. Brown*, 595 F.2d 801, 806 (D.C. Cir. 1979). Application of the doctrine thereby serves to relieve parties of the burdens attending multiple lawsuits; conserves judicial resources; minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent decisions; and provides finality in the resolution of disputes. *United States v. Mendoza*, 104 S. Ct. at 571; *Cutler v. Hayes*, 549 F. Supp. at 1343; *see Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

The Supreme Court has noted, "[Res judicata] is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order." *Southern Pac. R.R. Co. v. United States*, 168 U.S. 1, 49 (1897).

Similarly, the Court of Appeals has stated:

> [T]here must some time be an end to litigation, not only in the interest of the adverse party who should not be vexed twice or thrice or even more times for the same cause, but also in the interest of the state in settled law and legal relations and that of courts and litigants in an orderly judicial process....

*Westgate-Sun Harbor Co. v. Watson*, 206 F.2d 458, 462 (D.C. Cir. 1953).

When a court of competent jurisdiction has already entered a final judgment on the merits of a cause of action, the parties to that suit are bound "not only as to things which were determined but as to all matters which might have been determined as well." *Tutt v. Doby*, 459 F.2d 1195, 1197, (D.C. Cir. 1972); *see also, Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326 (1955); *Federated Dept. Stores v. Moitie*, 452 U.S. 394 ( 1981). Under this rule of *res judicata* or "claim preclusion," a subsequent suit will be barred if there has been prior litigation: (1) involving the same claim or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction. *See Blonder-Tongue Lab., Inc. v. Univ. of Ill. Foundation*, 402 U.S. 313, 323-24 (1971); *see also, I. A.M. Natl. Pension Fund, Benefit Plan A v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946-947, 950 (D.C. Cir.1983); *Semler v. Psychiatric Institute of Washington, D.C.*, 575 F.2d 922, 927 ( D.C. Cir.1978) ("Where the final judgment is rendered in favor of defendant, plaintiff is barred from suing defendant on the same cause of action.").

Plaintiff does not contest Defendants' arguments that the prior final court decisions that dismissed his civil litigation concerning the same nucleus of facts presented here, were issued by a court of competent jurisdiction and based upon a thorough review of the same information at issue here developed through discovery, through sworn testimony, and by evidence introduced into

the cases by both parties involved.[2] Therefore, Plaintiff's claims should be dismissed pursuant to the concepts of *res judicata* and collateral estoppel.

### D. Conclusion

For the foregoing reasons, and the arguments set forth in the Memorandum previously filed, the Defendants respectfully request that the Complaint be dismissed.

Respectfully Submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney


_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building

---

2 The Plaintiff contends that the telephone harassment charge filed against him in January 2005, "presents new matters that are ripe for controversy" and that he requires discovery to establish that he is disabled. Pl. Opp. at 9. Assuming, *arguendo,* that there is a new controversy raised by the filing of telephone harassment charges against the Plaintiff, that controversy would be focused on whether the Defendants had probable cause for the charge to be filed.  It does not open the door to re-litigate the matters that have already been decided by the U.S. District Court of Maryland.  Furthermore, there is no element of disability raised in the determination of whether the Defendants reasonably thought there was sufficient justification to send a letter to the Plaintiff asking him to stop sending malicious facsimile transmissions, or whether to charge the Plaintiff with misuse of the telephone for continuing to send the facsimiles after being ordered to cease.

555 4th Street, N.W. B Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
**Benton.Peterson@usdoj.gov**