**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARK HOBRATSCHK,           )
        Plaintiff,       )
                     )
       v.              )      Civil Action No. 06-0118-(RJL)
                     )      (ECF)
                     )
UNITED STATES OF AMERICA, et al.,  )
        Defendants.     )
_____)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTION TO STRIKE**

      Defendant, by and through undersigned counsel, hereby submits his

Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to

Strike Federal Defendant's Exhibits  (hereinafter "Motion to Strike").

      Plaintiff argues that Defendant has made a false statement regarding

whether he was denied access to the Maryland CMS facilities or whether he

was denied access to all facilities nationwide because of his willful refusal to

comply with the security inspection and to obey the directions of the CMS

security guards and a Federal Protective Service officer. Plaintiff also avers that

undersigned counsel somehow acknowledged a  failure to check the facts

before making the assertion to this Court. Plaintiff goes on to argue how this

"further demonstrate[s] the lack of credibility" a "culture of fraud" and

"McCarthyistic tactics"  employed against him.  Plaintiff's Motion at 1-2.  These

arguments, like the Motion to Strike itself are specious and ill-conceived  for

-1-

several reasons.

Generally, motions to strike, which are disfavored, are reserved for objectionable or scandalous arguments.[1]  *Compare* 5A C. Wright & A. Miller, Federal Practice and Procedure § 1380, at 647-49 (1990)(motions to strike under Fed. R. Civ. P. 12(f) "are viewed with disfavor and are infrequently granted"), with id. § 1382, at 714 ("disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type. . .."); *see e.g., Williams v. IRS*, 745 F.2d 702, 705 n. 3 (D.C. Cir. 1984); *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distrib. Pty, Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981).

Moreover, motions to strike are applicable to pleadings not motions.  *See International Longshoremen's Ass'n  v. Virginia Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995) (denying motion to strike affidavits as well as defendants' reply brief); *Lowery v. Hoffman*, 188 F.R.D. 651, 652-53 (M.D. Ala. 1999)(terms of Rule 12(f) make it clear that only material included in pleading may be subject of motion to strike, and briefs and memoranda may not be attacked by motion to strike).

Although Federal Rule of Civil Procedure 12(f) allows the Court to strike

---

[1]  Plaintiff does not cite to any rule or authority as the basis for his request. However, since Federal Rule of Civil Procedure 12(f) appears to be the closest analog to the relief plaintiff seeks, for the purposes of this motion, it will be assumed that plaintiff intended to rely on Rule 12(f).

from a "pleading" any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter in order to avoid the time, effort, and expense necessary to litigate spurious issues, Rule 7(a) clarifies that a "pleading" encompasses a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or third-party answer. See Fed.R.Civ.P. 12(f); Fed.R.Civ.P. 7(a). As such, by its plain language, Rule 12(f)-the rule apparently relied upon by Plaintiff-cannot be used to strike an affidavit or declaration. *See Law Office of Azita Mojarad v. Aguirre* 2006 WL 785415, 9 (D.D.C.) (D.D.C. 2006), citing ( *Aftergood v. CIA*, 355 F.Supp.2d 557, 564-65 (D.D.C.2005) ( Rule 12 cannot be used to strike a declaration); *Transam. Leasing, Inc. v. La Republica de Venezuela*, 21 F.Supp.2d 47, 55-56 (D.D.C.1998) (stating that declarations "are not pleadings subject to a motion to strike pursuant to Rule 12(f)"); *see also Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir.1997) (noting that Rule 12(f) has "no applicability" to affidavits)).

Thus, Plaintiff has articulated no proper basis upon which to strike statements from Defendant's Motion. *Cf. Abrams v. Commc'ns Workers of Am.*, Civ. No. 87-2816(RCL), 1991 WL 247792, at 1 (D.D.C. Nov. 8, 1991) (noting that instead of a Rule 12 motion to strike, the "proper course of action for plaintiffs is to argue that defendant is relying on irrelevant information when they file their opposition to defendant's motion"). *See Law Office of Azita Mojarad v.*

*Aguirre* 2006 WL 785415, 11 (D.D.C.) (D.D.C. 2006).

However, even assuming the Plaintiff has been barred from all facilities all across the nation it does not save his case from fatal legal flaws, and therefore any motion to strike is immaterial.  Namely, and as argued in Defendants' Motion to Dismiss, Plaintiff can not establish proper *in personam* jurisdiction over defendants in the United States District Court for the District of Columbia under § 13-423. *See Dove*, Civ.A.No. 86-0065-LFO, 1987 WL 18739.  Plaintiff does not demonstrate that any Defendant  resides in the District of Columbia, that any Defendant transacts business within this jurisdiction, or that any Defendant maintains a place of business within this jurisdiction, *see, e.g. Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. June 14, 2002) or that there is an act or injury alleged to have been accomplished within the District of Columbia by these Defendants.  *See*, Compl.  The Defendants' 'connection' to this jurisdiction is simply too tenuous under the DC Code's "long arm" statute to confer *in personam* jurisdiction in this court. Under Plaintiff's apparent theory, however, any state in the union would have jurisdiction over the Defendants if he was in fact banned from CMS facilities nationwide.

Moreover, plaintiff fails to demonstrate that Washington D.C. is the proper venue.  Plaintiff fails to state what actions, if any, were in fact taken by anyone in Washington, D.C.  On the other hand, it is undisputed that the initial incident that caused the Plaintiff to be banned happened in Maryland, that the

-4-

charge of misuse of telephone was filed against the Plaintiff in the District Court of Maryland, the actions of writing the letter to request that the Plaintiff stop sending vituperative facsimile transmissions to the offices of the Defendants in Maryland were completed in Maryland and that the citation was prepared in Maryland. In fact, in apparent acknowledgment of these indisputable facts, it is Plaintiff that suggests that the case could be transferred to Maryland. See, Plaintiff's Opposition to Defendants' Motion to Dismiss at p. 30.  Thus, even if Plaintiff is correct in his assertions concerning a nation-wide ban, it would not affect the outcome of this matter as to the proper venue.

Here, Plaintiff has not pointed to any statute or regulation that indicates that being banned by one CMS facility equates to being banned by all facilities. But even if he had, that fact alone is insufficient to address the jurisdictional and venue based deficiencies.

For the foregoing reasons, Plaintiff's Motion to Strike Defendant's Exhibits should be denied.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney


_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 **Benton.Peterson@usdoj.gov**

-6-

CERTIFICATE OF SERVICE

I hereby certify that on this day of December 13, 2006, I caused the foregoing

Opposition to be served on pro se plaintiff, postage prepaid, addressed as follows:

MARK HOBRATSCHK

2360A Newburg Lang

Safety Harbor, FL 34695

_____

BENTON G. PETERSON,
Assistant United States Attorney

-8-