UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 7 – 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MARK HOBRATSCHK            )
                                    )
     Plaintiff,            )
                                    )
     v.                   )     Civil Case No. 06cv0118 (RJL)
                                    )
LOUIS MOUNT, *et al.*,      )
                                    )
     Defendants.   )

## MEMORANDUM OPINION
(March 6, 2007)[#8, 13]

Mark Hobratschk, proceeding *pro se,* has sued Officer Louis Mount, an employee of the Federal Protective Service ("FPS"); Wendell Shingler, Director of the Federal Protective Service; and Mark McClellan, Administrator of the Centers for Medicare and Medicaid Services ("CMS") alleging malicious prosecution, abuse of process and violations of the Due Process Clause, the Equal Protection Clause and the Administrative Procedure Act (the "APA"). Currently before the Court are the defendants' motion to dismiss and the plaintiff's motion to strike. Based on a review of the pleadings and the applicable law, the motion to dismiss will be GRANTED and the motion to strike, as a consequence, will be DENIED as moot.

## BACKGROUND

In December 2001, Mr. Hobratschk was detained outside of the CMS headquarters facility in Woodlawn, Maryland, when he refused to submit to a security inspection. Def.



Mot. to Dismiss, p. 1-2. He was subsequently convicted of three federal offenses[1] for his conduct that day and permanently barred from entering CMS property. *Id* at 2. In 2002, Mr. Hobratschk filed civil actions in the District of Maryland and the District of Columbia challenging his conviction and leveling charges of misconduct at Officer Mount and CMS. *Id.* The cases were consolidated in the District of Maryland and dismissed in August 2004. *Id.*

After dismissal of his civil claims, Mr. Hobratschk persistently lobbied CMS to rescind the ban entered against him. *Id.* In 2005, CMS formally requested that Mr. Hobratschk cease and desist all contact with its employees. *Id.* When he refused, CMS filed criminal harassment charges (the "harassment charges").[2] *Id.*

In January 2006, Mr. Hobratschk filed the present action against all but one defendant[3] in both their individual and official capacities alleging that: 1) the 2005 harassment charges constitute malicious prosecution and abuse of process (Counts I and II); 2) his ban from CMS property violates the equal protection and due process clauses (Counts II and III); and 3) that CMS's repeated failure to respond to his demands for action constitutes a violation of the Administrative Procedure Act ("APA") (Count V).

---

[1] Hobratschk was charged with: 1) failure to comply with entry procedures at a federal property; 2) failure to comply with a lawful directive of a security officer; and 3) causing a disturbance and obstructing entrance to a federal building..

[2] These charges, however, were later dismissed. Def. Mot. to Dismiss, p. 2

[3] Officer Mount has been sued only in his individual capacity.

2

Mr. Hobratschk seeks monetary damages for the alleged tort violations and an injunction ending his ban from CMS property. For the following reasons, none of the plaintiff's claims can survive the defendants' motion to dismiss.

## ANALYSIS

Defendants have moved to dismiss the Complaint arguing, *inter alia,* that: 1) the Court lacks personal jurisdiction over the defendants; 2) the Court lacks subject matter jurisdiction over Counts I and III; and 3) as to Counts III, IV, and V, the plaintiff has failed to state a claim on which relief can be granted. The Court agrees with all three arguments.

### 1. Lack of Personal Jurisdiction

To the extent that the plaintiff has asserted claims against Officer Mount, Mr. Shingler and Mr. McClellan in their individual capacities, he bears the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over them under Federal Rule of Civil Procedure 12(b)(2). *Crane v. N.Y. Zoological Society*, 894 F.2d 454, 456 (D.C.Cir.1990). As a result, Mr. Hobratschk must allege specific acts connecting the individual defendants to this forum. *Id.* And while the Court need not treat all the plaintiff's allegations as true, it will resolve any factual discrepancies with regard to the existence of jurisdiction in favor of the plaintiff. *Id.*

In order to establish a sufficient factual basis for the exercise of personal jurisdiction, Mr. Hobratschk must show that the individual defendants either reside in the

3

District of Columbia or are within reach of the District's long-arm statute. *United States v. Ferrara,* 54 F.3d 825 (D.C.Cir. 1995); *Duetsch v. United States Dep't of Justice,* 881 F.Supp. 49, 52 (D.D.C. 1995). Under D.C.'s long-arm statute, a court may exercise jurisdiction over a person who: 1) transacts business in D.C.; 2) contracts to supply services in D.C.; 3) causes tortious injury in D.C. by an act or omission in D.C.; or 4) causes tortious injury in D.C. by an act or omission outside D.C. if he regularly does business in D.C. D.C. Code § 13-423(a)(1-4); *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 785 (D.C. Cir. 1983). Under the statute, only claims for relief arising from the acts giving rise to jurisdiction may be asserted against the defendant. D.C. Code § 13-423(b). Indeed, the statute "bar[s] claims unrelated to the acts forming the basis for personal jurisdiction." *Naartex,* 722 F.2d at 785.

Despite Mr. Hobratschk's assertion that jurisdiction rests in this Court, he has failed to establish that the defendants are either residents of the District of Columbia or are within the reach of D.C.'s long-arm statute. Moreover, Mr. Hobratschk has neither alleged that he was injured in the District, nor that the injuries he supposedly suffered were the result of actions taken in D.C. In short, plaintiff has made no allegations connecting his cause of action with this district. Accordingly, the Court lacks personal jurisdiction over the defendants in their individual capacities.

## 2. Lack of Subject Matter Jurisdiction

In addition to suing the defendants in their individual capacities, Mr. Hobratschk also apparently intended to sue Mr. Shingler and Mr. McClellan in their official capacities.[4] To the extent he has done so, the Court will construe these claims as actions against the FPS and CMS. For the following reasons, all five counts must be dismissed pursuant to either Rule 12(b)(1) or 12(b)(6) for a lack of subject matter jurisdiction.

First as to Counts I and II of the Complaint, Mr. Hobratschk alleges that the FPS brought harassment charges against him in retaliation for his public criticism of its actions. This retaliation, Mr. Hobratschk contends, constitutes malicious prosecution (Count I) and abuse of process (Counts II). Defendants have moved to dismiss these counts for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), arguing that plaintiff failed to exhaust his administrative remedies prior to filing suit.[5] The Court agrees.

As Mr. Hobratschk seeks monetary damages for Counts I and II, his claims are governed by the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2401(b). Although the FTCA allows an aggrieved plaintiff to bring a tort claim against the United States or one

---

[4] Count I names only Mr. Shingler in his official capacity whereas Counts II-V name both Mr. Shingler and Mr. McClellan in their official capacities.

[5] In deciding a Rule 12(b)(1) motion to dismiss, a court will assume all factual allegations in the Complaint to be true, and construe those allegations in the light most favorable to the plaintiff. *Scandinavian Satellite System, AS v. Prime TV Ltd.*, 291 F.3d 839, 844 (D.C.Cir. 2002); *Kalil v. Johanns*, 407 F.Supp.2d 94 (D.D.C. 2005).

of its agencies under certain circumstances, plaintiffs are required to file a claim describing the injury and sum-certain damages with the appropriate federal agency before filing suit. 28 U.S.C. §§ 2401(b), 2675(a); *G.A.F. Corp. v. United States,* 818 F.2d 901, 919 (D.C. Cir. 1987); *Verner v. United States Government,* 804 F.Supp. 381, 383 (D.D.C. 1992). Absent such a claim, a federal court is without subject matter jurisdiction to hear the plaintiff's complaint and so must dismiss the complaint under Rule 12(b)(1). *Jackson v. United States,* 730 F.2d 808, 809 (D.C.Cir. 1984); F.R.C.P. 12(b)(1).

Although the Court considers all allegations in the Complaint to be true and construes those allegations in the light most favorable to the plaintiff, nowhere in his complaint does Mr. Hobratschk allege that he submitted a written description of his injury or a claim for sum-certain damages to the FPS. As a result, he has failed to exhaust his administrative remedies and thereby satisfy the jurisdictional requirement of the FTCA. Accordingly, Counts I and II must be dismissed as to the FPS.

Second, as to Counts III and IV of the Complaint, Mr. Hobratschk alleges that the FPS and CMS violated his due process (Count III) and equal protection (Count IV) rights when CMS barred him from its facilities. Defendants have moved to dismiss these counts under Rule 12(b)(6), arguing that the plaintiff has failed to state a claim on which relief can be granted. Once again, the Court agrees.

A district court should grant a defendant's 12(b)(6) motion to dismiss when it is clear that no relief could result under any facts consistent with the complaint's allegations.

*Conley v. Gibson*, 355 U.S. 41, 45-47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C.Cir.1997). As it does when evaluating a Rule 12(b)(1) motion to dismiss, a Court considering a Rule 12(b)(6) motion will assume the truth of all of the factual allegations set forth in plaintiff's Complaint and construe the Complaint liberally in favor of the plaintiff. *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1102 (D.C.Cir.1985); *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979). Courts will hold *pro se* litigants to a less stringent standard in recognition of the hardships they face when pleading without the assistance of counsel. See *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C.1987).

Although Counts III and IV name both the FPS and CMS, there are no factual allegations connecting the FPS to the purported Constitutional violations. Mr. Hobratschk has not alleged that the FPS made the decision to ban Mr. Hobratschk from CMS facilities nor that the FPS took any action to enforce the ban. In fact, other than a single assertion that the FPS violated Mr. Hobratschk's Constitutional rights, Counts III and IV fail to mention the FPS at all. Given this failure to plead factual allegations in support of his claims, Counts III and IV must be dismissed as to the FPS.

As to CMS, to the extent that Counts III and IV allege that it violated Mr. Hobratschk's Constitutional rights, these claims are barred by the doctrine of res judicata.[6] In August 2004, Chief Judge Legg of the District of Maryland dismissed Mr.

---

[6] Under that doctrine, a party is barred from re-litigating claims that were, or could have been, asserted in an initial action. *Allen v. McCurry,* 449 U.S. 90, 94 (1980). In order for the

Hobratschk's related due process claims previously brought in the District of Maryland because plaintiff failed to show that the ban created an "injury in fact" or deprived Mr. Hobratschk of a property or liberty interest. *Hobratschk v. United States,* No. 02-2125, 02-4187 (D.Md. August 4, 2004).[7] As Mr. Hobratschk's Constitutional claims in the present action and his suit in the District of Maryland arose from his permanent ban from all CMS facilities, both actions arose from the same "cause of action." Given this, and the fact that the parties in both suits were the same, and that the District of Maryland entered a final judgment on the merits, the Court finds that res judicata bars Mr. Hobratschk's due process and equal protection claims in this Court. Accordingly, Counts III and IV must be dismissed as to CMS.

Finally, Mr. Hobratschk alleges in Count V that CMS and the FPS violated § 555(e) of the APA when they refused to respond to his demands for corrective action. Defendants have likewise moved to dismiss this count pursuant to Rule 12(b)(6).

---

doctrine to apply, there must be: 1) an identity of parties in both suits; 2) a judgment rendered by a court of competent jurisdiction; 3) a final judgment on the merits; and 4) an identity of the cause of action in both suits. *U.S. Industries v. Blake Construction Co.,* 765 F.2d 195, 205 n.21 (D.C. Cir. 1985); *American Forest Res. Council v. Shea,* 172 F.Supp.2d 24, 29 (D.D.C. 2001). In determining whether different suits arise from the same "cause of action", courts consider whether the suits arise from "facts [that] are related in time, space, origin or motivation." *Blake,* 765 F.2d at 205; *I.A.M. Nat. Pension Fund, Ben. Plan A v. Industrial Gear Mfg. Co.* 723 F.2d 944, 949 n.5 (D.C. Cir. 1983).

[7] In September 2002, Mr. Hobratschk filed suit in this Court alleging, *inter alia,* that CMS violated his due process rights when it barred him from entering CMS property. In January 2003, that case was consolidated with a set of related claims brought by Mr. Hobratschk in the District of Maryland.

Although the APA provides that a "person suffering legal wrong for agency action...is entitled to judicial review thereof," 5 U.S.C. § 702, that review is limited to "final agency action[s]" or "agency action[s] made reviewable by statute." 5 U.S.C. § 704. As Mr. Hobratschk, has not alleged that CMS's failure to respond to his correspondence was either a final agency action or reviewable by statute, he cannot proceed under the APA. Accordingly, Count V must be dismissed.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss will be GRANTED; and as a result, plaintiff's motion to strike will be DENIED as moot.

RICHARD J. LEON
United States District Judge